UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 24-180 (JWB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Deena Marie Lussier (2), | |
| Defendant. | |

Allen A. Slaughter, Jr., Esq., and Syngen Kanassatega, Esq., United States Attorney's Office, counsel for Plaintiff.

Daniel P. Huddleston, Esq., and Manvir K. Atwal, Esq., Office of the Federal Defender, counsel for Defendant Lussier.

Defendant Deena Marie Lussier has objected to the December 9, 2024 Report and Recommendation ("R&R") issued by United States Magistrate Judge Leo I. Brisbois. (Doc. Nos. 66, 71.) In the R&R, the Magistrate Judge recommends denying Defendant's Motion to Suppress Evidence (Doc. No. 45). After review, and for the reasons below, Defendant's objections are overruled and the R&R is accepted.

DISCUSSION

District courts review the portions of a magistrate judge's R&R to which a party objects de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id.* Here, the R&R is well-reasoned and correctly applies the law.

The relevant facts are set forth in detail in the R&R, and those facts are fully adopted here. In summary, Defendant Lussier was driving a GMC Envoy with plates registered to a Toyota 4Runner. After an attempted traffic stop, she fled and a high-speed chase ensued. Lussier eventually came to a stop as the vehicle became pinned against the backyard deck of a residence. Lussier was sitting in the driver's seat and co-Defendant Cloud was sitting directly behind her in the backseat. As officers approached, they observed Cloud attempting to conceal a WD-40 can between the "B" post (the post in the car between the front door and the rear door) and the driver's seat. Once Lussier and Cloud were removed from the vehicle, Officer Leyba observed pink plastic bags containing a white substance sticking out from the bottom of the WD-40 can. He also observed the false bottom cap to the WD-40 can, a Red Bull can on the back seat where Cloud had been sitting, and a cellophane bag containing a tin foil bindle wedged into the corner of the seat where Cloud had been sitting.

Based on what Officer Leyba saw, and based on his training and experience, he suspected controlled substances were in the vehicle. The officers then searched the vehicle. The search yielded four false bottom cans containing controlled substances, digital scales, "snooting" devices, a large amount of aluminum foil, and four cell phones. A search warrant was obtained to search the four seized cell phones. The seized evidence led to the charges against Lussier for conspiracy to possess fentanyl and methamphetamine, and for aiding and abetting possession with intent to distribute fentanyl and methamphetamine. Lussier moved to suppress the evidence obtained from the vehicle and from the cell phone she claims was hers, arguing that her Fourth

Amendment rights were violated because the vehicle search was improper and the cell phone search warrant lacked probable cause.

The Magistrate Judge recommends denying the motion to suppress, finding the search of the vehicle was permissible based on the plain-view exception and the automobile exception. The Magistrate Judge also concludes Lussier lacks standing to challenge the cell phone warrant, and even if she did have standing, the search warrant affidavit establishes the requisite probable cause.

After de novo review, the Magistrate Judge's reasoning is accepted. The evidence presented, including the exhibits and the transcript of the hearing, support the Magistrate Judge's determination that Officer Leyba's testimony was credible that the pink plastic bags sticking out of the modified WD-40 can and the tin foil bindle in the cellophane bag were in plain view and that their incriminatory nature was immediately apparent. There is nothing incredulous about the explanation of when certain photos were taken of the evidence seized, and nothing in the record indicates that the photo showing the tin foil bindle in the cellophane bag was not depicted in exactly the way it appeared in plain view. Further, based on all the circumstances that had ensued, including fleeing the police, attempting to conceal the WD-40 can, and observing a tin foil bindle and plastic bags with white substances, the officers had probable cause to believe the vehicle contained evidence of criminal activity. Therefore, the automobile exception applied.

Regarding the cell phone, Defendant Lussier lacks standing to challenge the search because she did not demonstrate she has an expectation of privacy in the cell phone. References to the phone as being Lussier's in the parties' briefs is not evidence that the

phone belonged to her. And, as the Magistrate Judge explained, even if she did have standing, the search warrant affidavit establishes probable cause to believe the cell phones were likely used in connection with the selling and distribution of controlled substances, especially considering they were found in the backseat near Cloud, other drug paraphernalia, and where controlled substances were seized.

For the reasons set forth in the R&R, and having overruled Lussier's objections, the Magistrate Judge's recommendation is accepted in full.

### ORDER

**IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 71) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 66) is **ACCEPTED** in full; and

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 45) is **DENIED**.

Date: March 26, 2025                                *s/ Jerry W. Blackwell*
                                                   JERRY W. BLACKWELL
                                                   United States District Judge